# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| Jhoan Yesid Torres Gonzalez, | Case No. 2:26-cv-00064-CDS-BNW |
| Petitioner | **Order Granting the Petitioner's Amended Writ of Habeas Corpus Petition and Denying the Petitioner's Motion for a Temporary Restraining Order** |
| v. | |
| Pamela Bondi, et al., | |
| Respondents[1] | [ECF Nos. 4, 11] |

This is a habeas case brought by petitioner Jhoan Yesid Torres Gonzalez. *See* Pet., ECF No. 4. On March 16, 2026, Torres Gonzalez moved for a temporary restraining order (TRO) requesting his immediate release. Mot., ECF No. 11. The respondents filed an opposition to both the petition and TRO. *See* Resp., ECF Nos. 13,[2] 19.[3] Therein, the respondents argued that the petitioner is not entitled to relief because he failed to administratively exhaust his remedies before filing for habeas relief. *See id.*

The court held a hearing on the petition and the motion for a TRO on April 28, 2026. *See* Mins., ECF No. 24.[4] During the hearing, I made factual findings that are incorporated in this order.[5] At the conclusion of the hearing, after considering the moving papers, together with the parties' arguments, I granted in part the petition for writ of habeas corpus , finding that the petitioner's ongoing detention constitutes a violation of his due process rights. This order memorializes my findings.

---

[1] Because Kristi Noem is no longer the DHS Secretary, the Clerk of Court is directed to substitute Markwayne Mullin in the caption. Likewise, the clerk must substitute Todd Blanche, Acting Attorney General, in place of Pamela Bondi, as she is no longer serving as the Attorney General.

[2] Respondent John Mattos separately filed a response, taking no position on the habeas or bond relief sought. *See* ECF No. 13.

[3] The petitioner's reply was due by April 17, 2026. To date, no reply has been filed, so the petition and motion are fully briefed.

[4] Counsel for the petitioner filed a motion to withdraw on April 28, 2026. However, based on counsel's representations during the hearing held that same day, the court defers ruling on the motion.

[5] Accordingly, the transcript of that proceeding is incorporated herein.

## I.        Background

Around September 4, 2024, Torres Gonzalez, a citizen of Venezuela, presented himself for inspection at the Hidalgo, Texas, port of entry. ECF No. 19; I-213 Form, Resp'ts' Ex. A, ECF No. 20-1 (sealed). Torres Gonzalez was issued a notice to appear and released. ECF No. 19 at 2. On July 22, 2025, Torres Gonzalez was pulled over in Utah for driving without insurance and taken into custody by Enforcement and Removal Operations officers. *Id.* at 2.

On August 27, 2025, the immigration court denied Torres Gonzalez's request for bond because it lacked jurisdiction to redetermine custody. IJ's decision, Resp'ts' Ex. B, ECF No. 20-2 (sealed). Around September 5, 2025, Torres Gonzalez filed an I-589 application for asylum and withholding of removal. ECF No. 19 at 2. On September 11, 2025, after his expedited removal (ER) was canceled, the petitioner received a new notice to appear. Sep. 11, 2025 notice to appear, Resp'ts' Ex. C, ECF No. 20-3 (sealed). However, he was not released from custody.

The petitioner was charged under § 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act (INA) for being an alien present in the United States without "possession of a valid unexpired immigration visa, reentry permit, border crossing card, or other valid entry document required by the Act, and a valid unexpired passport, or other suitable travel document, or document of identity and nationality as required under the regulations." *Id.* at 4.

On December 15, 2025, the IJ denied the petitioner's I-589 application for asylum and for withholding of removal, and ordered the petitioner to be removed to Venezuela. *See* Removal order, Resps.' Ex. D, ECF No. 20-4 (sealed). On December 22, 2025, the petitioner appealed the IJ's removal order to the Board of Immigration Appeal (BIA). Removal appeal, Resp'ts' Ex. E, ECF No. 20-5 (sealed). He also appealed the IJ's bond-denial order to the BIA. Bond appeal notice, Resp'ts' Ex. F, ECF No. 20-6 (sealed). Both appeals are pending before the BIA. ECF No. 19 at 2.

On January 12, 2026, Torres Gonzalez filed his petition for writ of habeas corpus pro se, asserting the following arguments: (1) the petitioner's continued detention violates his Fifth Amendment right to due process because his removal is not reasonably foreseeable; (2) the petitioner's continued detention violates the § 1231(a)(6) of the INA; (3) ICE's continued detention of the petitioner, without providing an individualized custody assessment pursuant to ICE policy, violates the Administrative Procedures Act (APA), 5 U.S.C. § 706(2)(A); (4) ICE's policy to remove noncitizens to a third country with no notice of opportunity to seek a fear-based protection constitutes arbitrary and capricious agency action in violation of the APA, 5 U.S.C. § 706; and (5) the petitioner's detention in immigration custody pending removal to any third country pursuant to recent ICE policy violates the Due Process Clause of the Fifth Amendment. ECF No. 4 at 8–9. In February and March of 2026, counsel filed a notice of appearance on behalf of Torres Gonzalez. *See* Notice, ECF Nos. 9, 10. Counsel then filed the TRO on March 16, 2026. ECF No. 11. Petitioner has remained in continuous immigration detention since his arrest in July of 2025.

## II.    Legal standard

The U.S. Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A district court's habeas jurisdiction includes challenges to immigration-related detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).

3

III.    Discussion

   **A. This court has jurisdiction over Torres Gonzalez's petition and administrative exhaustion is waived.**

As a threshold matter, I first address whether this court has jurisdiction to hear the petitioner's arguments on his writ of habeas petition. The respondents argue that Torres Gonzalez's petition should be denied because the petitioner has not exhausted his administrative remedies before seeking relief from this court. ECF No. 19 at 2. Specifically, they argue that the issue is not ripe because the petitioner filed his petition while the BIA's review of his appeals is still pending, and the petitioner failed to exhaust his administrative remedies with the BIA before asking the federal district court to review the IJ's decision. *Id.* at 3. During the April 28, 2026 hearing, the petitioner argued that his BIA appeal would be futile. He further argued that the IJ had no jurisdiction.

"When a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011). Administrative exhaustion may be waived when "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004). "The party moving the court to waive prudential exhaustion requirements bears the burden of demonstrating that at least one of these *Laing* factors applies." *Chavez v. Noem*, 801 F. Supp. 3d 1133, 1139 (S.D. Cal. 2025) (citation omitted).

I find that administrative exhaustion should be waived for two reasons. First, I agree that his appeal would be futile because the IJ found that it had no jurisdiction. *See Vasquez-Rodriguez v. Garland*, 7 F.4th 888, 896 (9th Cir. 2021) ("We will excuse a failure to exhaust if it is very likely what [the BIA's] result would have been. Thus, where the agency's position appears already set and recourse to administrative remedies is very likely futile, exhaustion is not required.")

4

(cleaned up). Thus, while Torres Gonzalez appropriately exercised his right to appeal his bond denial,[6] it appears that appeal is futile due to the jurisdiction issue.[7]

Second, because over six months have lapsed since Torres Gonzalez was detained in July 2025, I find that his continued detention would result in irreparable harm. This circuit has held "that waiver was appropriate in the case of an alien who challenged the indefinite length of his detention pending removal rather than his removability." *See Laing*, 370 F.3d at 1001; *Marquez v. INS*, 346 F.3d 892 (9th Cir. 2003); *Ali v. Ashcroft*, 346 F.3d 873 (9th Cir. 2003). Indeed, other courts have held that that "the potential for irreparable harm to [the] Petitioner, in the form of continued unlawful denial of [bond] hearings for potentially four months or more," was so great that waiver of exhaustion requirement is appropriate. *See Villalta v. Sessions*, 2017 U.S. Dist. LEXIS 162981, at *9 (N.D. Cal. Oct. 2, 2017); *Cortez v. Sessions*, 2018 U.S. Dist. LEXIS 51007 (N.D. Cal. Mar. 27, 2018); *see also Rodriguez v. Robbins*, 715 F.3d 1127, 1145 (9th Cir. 2013) (finding irreparable harm in continued detention of noncitizens who would likely be granted conditional release if afforded a bond hearing); *Rosales v. Simon*, 2026 U.S. Dist. LEXIS 50660, at *14 (E.D. Va. Mar. 11, 2026) (observing that the federal respondents had "not advanced any compelling argument for the proposition that [the petitioner] should be required to appeal to the BIA before seeking relief" in a habeas proceeding, and refusing to require the petitioner to "sit in an ICE detention facility for months on end while he awaits a BIA decision"); *Garcia Ortiz v. Henkey*, 2026 U.S. Dist. LEXIS 78932, at *7 (D. Idaho Apr. 7, 2026) (concluding that, "given the broader irregularities in bond hearings across the country . . . administrative remedies in the immigration system appear no longer efficacious," and "[m]andating administrative exhaustion would be a 'futile gesture' that prolongs this [irreparable] injury [of prolonged ICE detention] without creating a meaningful opportunity for the agency to correct its mistakes").

---

[6] *See Fonua v. United States*, 2025 U.S. Dist. LEXIS 65442, at *2 (D. Nev. April 7, 2025) (citing *Prieto-Romero v. Clark*, 534 F.3d 1053, 1059 (9th Cir. 2008) (explaining if a petitioner is dissatisfied with the IJ's bond determination, he may file an administrative appeal so that the necessity of detention can be reviewed by the BIA)).

[7] During the hearing, the respondents agreed it appeared petitioner's bond appeal appeared futile.

As stated on the record, while the respondents are correct that generally a petitioner must exhaust his administrative remedies, I find that the petitioner has met his burden showing administrative exhaustion is waived here because of futility and because, for the reasons explained below, his continued detention will result in irreparable harm to the petitioner.

**B.  The petitioner's continued detention violates his Fifth Amendment due process rights.**

The Supreme Court has explained in *Johnson v. Guzman Chavez*:

> Once [a noncitizen] is ordered removed, DHS must physically remove him from the United States within a 90-day "removal period." 8 U.S.C. § 1231(a)(1)(A). The removal period begins on the latest of three dates: (1) the date the order of removal becomes "administratively final," (2) the date of the final order of any court that entered a stay of removal, or (3) the date on which the [noncitizen] is released from non-immigration detention or confinement.

594 U.S. 523, 528 (2021). Under § 1231, the removal period may be extended beyond 90 days for a variety of reasons. *Id.* at 528–29. Because "[a] statute permitting indefinite detention . . . would raise a serious constitutional problem," the Supreme Court has "read an implicit limitation" into the statute and has held that a noncitizen may only be detained for "a period **reasonably necessary**" to effectuate their removal. *Zadvydas*, 533 U.S. at 682 (emphasis added). And a period reasonably necessary to bring about the noncitizen's removal from the United States "is presumptively six months." *Johnson*, 594 U.S. at 529. However, when a removable noncitizen is detained beyond this reasonable time and "removal is not reasonably foreseeable, the court should hold continued detention unreasonable." *Id.* at 699. In other words, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." *Id.* at 699–700. Moreover, as time passes, the burden on the government increases accordingly. *See Sweid v. Cantu*, 2025 U.S. Dist. LEXIS 213969, at *10 (D. Ariz. Oct. 30, 2025).

Here, Torres Gonzalez's detention has long surpassed both the 90-day and the 180-day period of presumptive reasonableness. Torres Gonzalez has been detained since approximately July 22, 2025. *See* ECF No. 4 at 3; ECF No. 19 at 2. Because Torres Gonzalez's detention surpassed this period, the burden shifts to the government to show removal is reasonably foreseeable. *See Barka v. Mattos*, 2025 U.S. Dist. LEXIS 264962, at *16 (D. Nev. Dec. 23, 2025) (quoting *Sweid*, 2025 U.S. Dist. LEXIS 213969, at *3) (explaining that after the expiration of six months, the detainee need only offer a valid reason why removable is unforeseeable, which the government must then disprove). There is no information before the court showing removability is reasonably foreseeable. So, I find that petitioner's removal is not reasonably foreseeable, and to hold him in detention indefinitely is a violation of his due process rights. *See Morrissey v. Brewer*, 408 U.S. 471, 481 (1972) (explaining that when a court considers a due process claim, it may tailor relief to the specific problem that gives rise to the due process violation). Accordingly, Torres Gonzalez is entitled to relief on ground one of the petition which alleges a violation of his Fifth Amendment rights.

Because I grant the relief under the § 2241 petition for the reasons set forth above, I decline to address other claims on the merits, so the remainder of the petition is denied without prejudice.

**IV.    Conclusion**

IT IS ORDERED that Torres Gonzalez's petition for writ of habeas corpus **[ECF No. 4]** **is GRANTED.**

IT IS FURTHER ORDERED that the Torres Gonzalez's motion for a TRO **[ECF No. 11]** **is DENIED.**

IT IS FURTHER ORDERED that the respondents are ordered to release Torres Gonzalez within twenty-four hours, by 6:00 p.m., on May 1, 2026. The petitioner must be released from custody and placed on the order of supervision. Should there be a condition

requiring ankle monitoring, then the respondents must show that there has been a finding of a danger to the community or risk of flight.

IT IS FURTHER ORDERED that the respondents must endeavor to give the petitioner's counsel at least two-hours notice of petitioner's expected release time.

IT IS FURTHER ORDERED that the parties must file a joint status report no later than May 8, 2026, advising that status of compliance with this order, and if this matter should remain open or be closed. The status report must include a section from petitioner's counsel advising as to the status of the pending motion to withdraw.

The Clerk of Court is kindly instructed to substitute Markwayne Mullin for Kristi Noem and Todd Blanche for Pamela Bondi.

Dated: April 30, 2026

_____
Cristina D. Silva
United States District Judge